# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIBAL MESALA SILVA,<br><br>　　　　　　　　Petitioner,<br><br>　vs.<br><br>HAROLD S. MARENUS and BARRY K. LANDER,<br><br>　　　　　　　　Respondents. | CASE NO. 07CV1856 BTM (AJB)<br><br>ORDER:<br>(1) GRANTING RESPONDENTS' MOTION TO DISMISS;<br>(2) GRANTING PETITIONER'S MOTION TO SET ASIDE ORDER; AND<br>(3) DENYING PETITIONER'S MOTION FOR SUMMARY JUDGMENT |

On September 21, 2007, Petitioner Anibal Mesala Silva filed a mandamus petition against Respondents Harold S. Marenus, Clerk of the Bankruptcy Appellate Panel of the Ninth Circuit and Barry Lander, Clerk of the Bankruptcy Court for the Southern District of California. Petitioner alleges that despite making timely election to have his bankruptcy appeal heard by the district court, Respondents referred Petitioner's appeal to the Bankruptcy Appellate Panel and refused to transfer the appeal to district court. Respondents have brought a motion to dismiss Petitioner's writ of mandamus on the grounds that (1) Respondents are immune from suit; and (2) Petitioner has failed to meet the requirements for mandamus relief. For the reasons set forth below, the Court GRANTS Respondents' motion to dismiss.

## FACTUAL BACKGROUND

The following facts are taken from the Petitioner's petition, documents attached to the petition and the bankruptcy court record. On June 14, 2007, Petitioner filed his Notice of

Appeal and stated in this notice that he elected to have his appeal heard by the district court rather than by the Bankruptcy Appellate Panel. (Petition ¶¶ 4, 17; Ex. PWM-1)  Petitioner attached to his petition a copy of his notice of appeal and statement of election, which is contained on the third page of his notice of appeal.  (Ex. PWM-1)

Despite his election, Respondents referred the case to the Bankruptcy Appellate Panel. (Petition ¶¶ 4, 17, 18; Ex. PWM-2)  On July 24, 2007, Bankruptcy Judges Klein and Pappas issued a "Order Re Ineffective Statement of Election" which explained that Petitioner's election to have his appeal heard by the district court was ineffective because it was not contained in a separate writing pursuant to Federal Rule of Bankruptcy Procedure 8001(e). (Res. Ex. E)  Petitioner filed another demand to have his appeal transferred to the district court in August 2007. (Petition ¶¶ 5, 19,20)  On August 7, 2007, Bankruptcy Judges Klein, Pappas and Dunn issued the "Order (Final Warning Before Dismissal)" which reiterated the reasons for the ineffectiveness of Petitioner's election and further warned that Petitioner's appeal will be dismissed if he does not take action to prosecute his case by August 17, 2007. (Res. Ex. F) On  August 20, 2007,  Respondents dismissed Petitioner's appeal for failure to prosecute. (Petition ¶ 6, 21; Ex. PWM-4)  On September 11, 2007,  Petitioner further filed a second demand to have his appeal transferred to the district court. (Petition ¶ 24; Ex. PWM-5).

**DISCUSSION**

A motion to dismiss for failure to state a claim will be denied unless it appears that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir. 1986).  "When a plaintiff has attached various exhibits to the complaint, those exhibits may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment." Parks School of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). The Court may also take judicial notice of matters of public record outside the pleadings on a motion to dismiss. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986).

The Court agrees with Respondents that they are entitled to judicial immunity for their

refusal to transfer Plaintiff's appeal to the district court. It is well established that quasi-judicial officers are granted judicial immunity for actions that are integral to the judicial process such as processing appeals. Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979); Harmon v. Superior Court, 329 F.2d 154, 155 (9th Cir. 1964). A writ of mandamus, however, provides an avenue of relief against federal judicial officers despite the fact that they are entitled to judicial immunity for monetary damages. See Pulliam v. Allen, 466 U.S. 522, 538 (1984); see also Mullis v. U.S. Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1393 n.21 (9th Cir. 1987). The Court therefore denies Respondents' motion to dismiss the petition on the ground of judicial immunity.

The Court next examines whether, as a matter of law, the petition is insufficient to show that Petitioner may be entitled to relief. In general, Courts have

> recognized five factors, commonly known as the " Bauman factors," that are the analytic starting point in determining whether mandamus should issue: (1) whether the party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires; (2) whether the petitioner will be damaged or prejudiced in a way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and (5) whether the district court's order raises new and important problems, or issues of law of first impression." San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096,1099 (9th Cir. 1999).

A petitioner does not need to satisfy all five factors and the disposition often requires a balancing of the above factors. Id. Because the third factor, however, is required for mandamus relief, the absence of a clear error as a matter of law will be dispositive. Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. Of California, 24 F.3d 1545, 1551 (9th Cir. 1994). In the context of a motion to dismiss, therefore, the Court must examine whether Petitioner's pleading sufficiently alleges that Respondents' actions constituted a clear error of law.

In deciding this motion to dismiss, the Court has reviewed the petition for mandamus, including the documents attached to the petition. The Court also takes judicial notice of the court records and docket of the Bankruptcy Appellate Panel, including orders issued by the judges of this panel. Based on the above, the Court concludes that as a matter of law, Petitioner's allegations are insufficient for mandamus relief to issue. The crux of Petitioner's

complaint is that the Respondents failed to honor his election to appeal to the district court. It appears, however, that Respondents refused to honor his election on the grounds that Federal Rule of Bankruptcy Procedure 8001(e) requires the election to be contained in a separate writing from the notice of appeal. In any case, Respondents' initial action of referring the case to the Bankruptcy Appellate Panel was fully approved and ratified by the judges of the Bankruptcy Appellate Panel in its Order Re Ineffective Statement of Election. (Res. Ex. E) Respondents' continued retention of the appeal before the Bankruptcy Appellate Panel and their ultimate dismissal of Petitioner's appeal was also ordered by the Bankruptcy Appellate Panel judges. (Res. Exs. E &F) Because the Respondents performed their duties in accordance with the Bankruptcy Appellate Panel judges' orders, the Court cannot conclude that they acted in clear error or violation of the law. The facts as currently alleged in the petition, therefore, do not establish entitlement to mandamus relief as a matter of law. Respondents' motion to dismiss the petition [Doc. No. 17] is therefore GRANTED without prejudice.

The Court GRANTS Petitioner's motion to set aside the Court's order [Doc. No. 16] that Petitioner effect proper service because Petitioner has submitted proof that he had timely served the United States. The Court DENIES Petitioner's motion for summary judgment on his mandamus petition. As discussed above, the Court concludes that, based on the facts alleged in the mandamus petition, Petitioner is not entitled to relief as a matter of law.[1]

The Court also GRANTS Petitioner's motion to stay his petition until September 30, 2008 [Doc. 24]. As set forth above, this petition is dismissed without prejudice. If Petitioner

//
//

---

[1] Petitioner also argues that Respondents' opposition to his motion for summary judgment was untimely. Even assuming this is true, the Court would not grant summary judgment or strike the opposition papers on the ground that the opposition was untimely.

1 | wishes to amend his petition, he may do so by October 15, 2008.  Otherwise, his petition will
2 | be dismissed with prejudice.
3 | IT IS SO ORDERED.
4 | DATED: June 26, 2008

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge